UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PIERO BUGONI,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INCORPORATED, et al.,<br><br>    Defendants. | Case No. 20-cv-02883-LB<br><br>**ORDER SCREENING COMPLAINT**<br>Re: ECF No. 1 |

## INTRODUCTION

Plaintiff Piero A. Bugoni, who represents himself in this action and is proceeding in forma pauperis, sued defendants Google Inc., Microsoft Corp., and Yahoo! Inc., alleging that their online search engines published defamatory information about Mr. Bugoni, in violation of the Fair Credit Reporting Act ("FCRA") and state law.[1] Before directing the United States Marshal to serve the defendants with the plaintiff's complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). Under the Communications Decency Act of 1996, 47 U.S.C. § 230(c), the defendants are immune from liability for the third-party content, and thus the plaintiff has not

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

SCREENING ORDER – No. 20-cv-02883-LB

plausibly pleaded a claim. The court allows Mr. Bugoni to file an amended complaint by June 4, 2020.

**STATEMENT**

Construed liberally, the complaint alleges the following.

The issue is information that the search engines generate when someone queries Mr. Bugoni's name: "That information may be factually true, it may be false and defamatory or misleading, it may be re-publication of public records published by government entities, or it may be publication of records or information maintained and disseminated by private parties."[2] Potential employers use the defendants' search engines to "inquire about Plaintiff for his suitability to that Business or Employment, and ultimately reject him from that business or employment based on the information provided to them by Defendants."[3] The injury has left him destitute and debt whereas "[p]rior to the existence of the services offered by Defendants," he had a successful career of more than 20 years, earning "$100,000 a year since before the turn of the century."[4] Now he works as day laborer for minimum wage.[5] Mr. Bugoni gives examples of when he lost job opportunities after a prospective employer queried his name in the defendants' search engines.[6]

The information that the search engines return about Mr. Bugoni is "irrelevant, false, misleading, libelous, or false-light defamatory."[7] He attached screenshots of search results.[8] The Google screenshot shows actual public records or third-party aggregation of public records involving civil and criminal lawsuits where Mr. Bugoni is a named party (and that a WESTLAW

---

[2] *Id.* at 2 (¶ 11).

[3] *Id*. at 4 (¶ 20).

[4] *Id*. at 6 (¶ 27).

[5] *Id*.

[6] *Id.* at 7–8 (¶¶ 29).

[7] *Id*. at 5 (¶ 22).

[8] Screenshots – ECF No. 1 at 17–19. The court considers documents attached to a complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

United States District Court
Northern District of California

search reveals are actual cases).[9] The Yahoo! and Bing screenshots similarly show public records and private aggregators of public information (such as rapsheetz.com, showing an inmate-locator number).[10]

Mr. Bugoni's complaint has three claims: (1) "False-light personation," essentially, false information; (2) "Intrusion Upon Plaintiff's Seclusion/Invasion of Plaintiff's Personal Affairs;" and (3) a violation of the FCRA on the ground that the defendants provided consumer reports with inaccurate information.[11] He demands from each defendant $10,000 and a permanent "cessation" of the content.[12] The court granted Mr. Bugoni leave to proceed in forma pauperis and waived payment of the filing fee.[13]

**ANALYSIS**

**1.  *Sua Sponte* Screening — 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage

---

[9] Google Screenshot – ECF No. 1 at 17. A court can take judicial notice of public records and undisputed facts in them. *Lee v. County of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001)

[10] Yahoo! Screenshot – ECF No. 1 at 18; Bing Screenshot – ECF No. 1 at 19.

[11] *Id.* at 11–14 (¶¶40–49).

[12] *Id.* at 15.

[13] Order – ECF No. 4.

SCREENING ORDER – No. 20-cv-02883-LB           3

the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (internal quotation marks and brackets omitted).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court ordinarily is limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true, and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

## 2. Application

Mr. Bugoni does not state a claim. Under the Communications Decency Act, website operators are immune from liability for third-party information (or content), unless the website operator "is responsible, in whole or in part, for the creation or the development of [the] information." 47 U.S.C. §§ 230(c)(1) & (f)(3); *Dyroff v. The Ultimate Software Grp.*, 934 F.3d 1093, 1096–97 (9th Cir. 2019); *Gavra v. Google, Inc.* No. 5:12-cv006547-PSG, 2013 WL 3788241, at *1-3 (N.D. Cal. July 27, 2013) (dismissing action for defamation, extortion, and breach of privacy). The content here is either an actual public record or a third-party aggregation of public records. The search engines are not responsible for its creation or development.[14]

## CONCLUSION

The deficiency in Mr. Bugoni's complaint is that he does not state a claim. He may file an amended complaint if he can cure the complaint's deficiencies. The deadline to file that amended complaint is June 4, 2020. Alternatively, by June 4, 2020, he may file a one-page notice of voluntary dismissal. If Mr. Bugoni does not file an amended complaint or a notice of dismissal by June 4, 2020, the case will be reassigned with the court's recommendation that the case be dismissed.

**IT IS SO ORDERED.**

Dated: May 14, 2020

LAUREL BEELER
United States Magistrate Judge

---

[14] *See also* Compl. – ECF No. 1 at 9 (¶ 31) ("Defendants are only re-publishing Public Records . . . [t]here is little or no original content produced by them").