1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

PIERO BUGONI,

                    Plaintiff,

        v.

GOOGLE INCORPORATED, et al.,

                    Defendants.

Case No. 20-cv-02883-LB

**ORDER REASSIGNING CASE;
REPORT AND RECOMMENDATION
TO DISMISS COMPLAINT**

Re: ECF No. 10

Plaintiff Piero A. Bugoni, who represents himself and is proceeding in forma pauperis, sued

defendants Google Inc., Microsoft Corp., and Yahoo! Inc., alleging that their online search

engines published defamatory information about him, in violation of the Fair Credit Reporting Act

("FCRA") and state law.[1] The undersigned previously granted Mr. Bugoni's application to

proceed in forma pauperis, screened his complaint for minimum legal viability under 28 U.S.C, §

1915(e)(2), and identified the complaint's deficiency: Mr. Bugoni cannot sue the defendants for

third-party content because they are immune from liability under the Communications Decency

Act of 1996, 47 U.S.C. § 230(c).[2] The court gave leave to amend, and Mr. Bugoni filed an

---

[1] First Am. Compl. ("FAC") – ECF No. 10. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Orders – ECF Nos. 4, 8.

ORDER; REPORT AND RECOMMENDATION – No. 20-cv-02883-LB

1  amended complaint that has the same facts and claims, drops his claim for damages, asks only for

2  injunctive and declaratory relief, and adds the following allegations:

3      39. It is well settled that Private Individuals may prohibit whatever speech about them they
       wish.

4      40. In no case does the Communications Decency Act preclude this Court from enjoining

5      Defendants, nor issuing Declaratory Judgments as to the Rights of the Parties herein.

6      41. Whatever immunity the Communications Decency Act confers upon Defendants in this
       matter, for publication of third-party content, it creates no right whatsoever for Defendants

7      to publish anything whatsoever.[3]

8      The amended complaint does not cure the deficiency: the defendants, who are website

9  operators, are not liable under the Communications Decency Act, 47 U.S.C. § 230(c)(2) & (f)(3),

10  for the content, which is either an actual public record or a third-party aggregation of public

11  records. *Dyroff v. The Ultimate Software Grp.*, 934 F.3d 1093, 1096–97 (9th Cir. 2019); *Gavra v.*

12  *Google, Inc.* No. 5:12-cv006547-PSG, 2013 WL 3788241, at *1-3 (N.D. Cal. July 27, 2013)

13  (dismissing action for defamation, extortion, and breach of privacy). The court attaches its

14  previous order and incorporates it by this reference.

15      Under *Williams v. King*, the case must be reassigned because the parties, including the non-

16  appearing defendants, have not consented to the undersigned's jurisdiction.[4] 875 F.3d 500, 503–05

17  (9th Cir. 2017). The undersigned thus directs the Clerk of court to reassign this case to a district

18  judge and recommends that the newly assigned district judge dismisses the amended complaint.

19      Any party may serve and file specific written objections to this recommendation within 14 days

20  after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D. Cal.

21  L.R. 72-3. Failure to file written objections within the specified time may waive the right to appeal

22  the district court's order.

23      **IT IS SO ORDERED.**

24      Dated: June 29, 2020

25      _____
        LAUREL BEELER
        United States Magistrate Judge

26

27  _____
    [3] FAC – ECF No. 10 at 11 (¶¶ 39–44).

28  [4] Clerk's Notice – ECF No. 11.